IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| EDILBERTO ANTONIO GUEVARA, Individually and On Behalf of All Others Similarly Situated, § § § § § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. 5:18-cv-1331 |
| CENTRAL FIRE PROTECTION, INC., § § § | FLSA - COLLECTIVE ACTION |
| Defendant. § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Edilberto Antonio Guevara ("Named Plaintiff") brings this suit, on behalf of himself and all others similarly situated ("Class Members"), for unpaid wages against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended. He shows as follows:

### I.     INTRODUCTION

1.     This is an action for unpaid wages brought under the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. § 201 *et seq.* The Named Plaintiff is a non-exempt worker who was employed by Defendant Central Fire Protection, Inc. (hereinafter "Central Fire") as a pipefitter; he installed fire protection systems in and around Bexar County and Travis County, Texas. Central Fire failed to pay the Named Plaintiff the required overtime pay for hours worked in excess of forty hours during each workweek. Because there are Class Members who are similarly situated to the Named Plaintiff with regard to work performed and Central Fire's unlawful compensation policies, the

Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b) and seeks unpaid overtime compensation, liquidated damages, costs of court, and attorney's fees.

## II.   JURISDICTION AND VENUE

2.   The Named Plaintiff brings this case to recover unpaid overtime compensation under 29 U.S.C. § 201, *et seq*. As such, this Court has jurisdiction over his claims pursuant to the following:

   a.   28 U.S.C. § 1331 (Federal Question);

   b.   28 U.S.C. § 1337 (Interstate Commerce); and

   c.   29 U.S.C. § 216(b) (FLSA).

3.   Inasmuch as all or a substantial part of the acts or omissions giving rise to the Named Plaintiff's cause of action occurred in or around Bexar County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2).

## III.   THE PARTIES

4.   Named Plaintiff Edilberto Antonio Guevara is an individual who worked for Central Fire in and around Bexar County and Travis County, Texas. He has consented to be a party in this action and his consent form is attached hereto as "Exhibit A."

5.   Defendant Central Fire Protection, Inc. is a Texas company whose principal place of business is in Dallas, Texas and may be served with process by serving its registered agent, Linda Shipman, at 11419 Mathis, Suite 204, Dallas, Texas 75234.

## IV.   FACTUAL ALLEGATIONS

6.   Central Fire is a business specializing in sales, service, design, and installation of fire protection systems for commercial and residential properties in multiple Texas cities, and occasionally outside of the state of Texas.

7.   Central Fire's principal office is located at 10550 Olympic Dr., Dallas, Texas 75220.

8. From approximately December of 2016 to August of 2018, the Named Plaintiff worked as a pipefitter for Central Fire, performing manual labor on fire protection systems on the premises of properties owned and/or managed by Central Fire's clients.

9. Central Fire hired and employed the Named Plaintiff to perform fire protection installation services and related activities in and around Bexar County.

10. During several workweeks in 2018, Central Fire also required the Named Plaintiff to perform fire protection services and related activities in and around Travis County.

11. At all relevant times, Central Fire constituted an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all relevant times, Central Fire has had two or more employees—including the Named Plaintiff—handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, including press tools manufactured outside of the state of Texas.

13. At all relevant times, Central Fire has had an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level which are separately stated.

14. At all times relevant to this action, Central Fire and its agents controlled and supervised the work performed by the Named Plaintiff.

15. At all times relevant to this action and as a matter of economic reality, Central Fire employed the Named Plaintiff within the meaning of the FLSA, 29 U.S.C. §§ 203(d) and 203(g).

16. At all material times, Central Fire acted, directly or indirectly, in the interest of an employer with respect to the Named Plaintiff, had operational control over the business, and exercised control daily over the Named Plaintiff's work.

17. In performing fire protection system installation and related services, Named Plaintiff performed work that was an integral part of Central Fire's business.

18. Named Plaintiff worked full-time for Central Fire for almost two years.

19. The Named Plaintiff was economically dependent on Central Fire throughout his employment.

20. Named Plaintiff wore a Central Fire uniform while performing his job duties.

21. Central Fire maintained and generated payroll records for Named Plaintiff from its principal office in Dallas.

22. Central Fire possessed and exercised the authority to control the rules and policies applicable to the Named Plaintiff's work, including scheduling, timekeeping, payroll, and disciplinary practices.

23. The Named Plaintiff regularly worked more than forty hours in a workweek without receiving overtime compensation for hours worked over forty.

24. The Named Plaintiff frequently worked forty-eight or more hours per workweek while employed by Central Fire.

25. The Named Plaintiff was paid hourly, at a rate ranging from $17.00 to $19.00 per hour throughout his employment.

26. Central Fire gave the Named Plaintiff two paychecks weekly when his hours exceeded 40 in a workweek—one paycheck for his hours worked up to forty, and another paycheck for hours above forty.

27. The checks that Named Plaintiff received for his hours over forty in any workweek were given a label—including, for example, "Field Supplies"— in order to obscure the fact that they constituted compensation for overtime hours worked.

28. Central Fire failed to pay the Named Plaintiff at a rate of one-and-a-half times his regular hourly rate for all hours worked over forty. Instead, his hours over 40 were compensated at his regular straight-time hourly rate of pay, with no half time premium paid.

29. Central Fire has been investigated by the Wage and Hour Division of the U.S. Department of Labor multiple times.

30. Within the last decade, the Wage and Hour Division of the U.S. Department of Labor has determined that Central Fire violated the FLSA with respect to the employment of more than 160 workers.

31. At all times relevant to this action, Central Fire failed to maintain complete and accurate records of the Named Plaintiff's hours of work and compensation as required by the FLSA.

32. At all times relevant to this action, Central Fire knowingly, willfully, or with reckless disregard, carried out its illegal pattern or practice of failing to pay the required overtime compensation due to the Named Plaintiff.

33. All of the actions and omissions alleged in the paragraphs above were undertaken by Central Fire either directly or through its agents.

## V.   COLLECTIVE ACTION ALLEGATIONS

34. The Named Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and the Class Members.

35. The Class Members performed the same or similar job duties as the Named Plaintiff in that they were also employed by Central Fire to perform manual labor on fire protection systems on the premises of properties owned and/or managed by Central Fire's residential and commercial clients. The Class Members were subject to the same unlawful pay practices in that:

   a. they also regularly worked far in excess of 40 hours per week for Central Fire;

      b.      they also received two paychecks per week during workweeks in which their hours exceeded 40—one for hours up to forty, and another for hours above forty;

      c.      they also did not receive overtime premium pay from Central Fire when they worked over forty hours in a given workweek, but rather were merely compensated for overtime hours at their regular hourly rates of pay; and

      d.      Central Fire failed to maintain complete and accurate records of their hours of work and compensation as required by the FLSA.

36. Central Fire knowingly, willfully, or with reckless disregard carried out, and continues to carry out, its illegal pattern or practice of failing to pay overtime compensation to the Class Members.

37. Pending any modifications necessitated by discovery, Named Plaintiff preliminarily defines the class as follows:

> All individuals who—at any time beginning three years before the date this lawsuit was filed—were compensated on an hourly-rate basis by Central Fire Protection, Inc. for performing manual labor on fire protection systems on the premises of properties owned and/or managed by Central Fire's residential and commercial clients.

## VI.   CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT – OVERTIME

38. The Named Plaintiff incorporates and realleges each of the foregoing paragraphs of this Complaint as if fully set forth herein. The above-described actions of Central Fire violated the Named Plaintiff's and Class Members' rights to overtime pay under the FLSA, for which they are entitled to relief pursuant to 29 U.S.C. § 216(b).

## VII.   PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff prays that this Court:

     a.     Certify the FLSA claims against Central Fire to proceed as a collective action under 29 U.S.C. § 216(b), and authorize the appropriate notice of this suit, and the opportunity to opt into it, to be provided to all Class Members;

     b.     Declare Central Fire in violation of the FLSA;

     c.     Award damages to the Named Plaintiff and Class Members for their unpaid overtime pay, and an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b);

     d.     Award the Named Plaintiff and Class Members the costs of this action;

     e.     Award the Named Plaintiff and Class Members reasonable attorney's fees;

     f.     Award the Named Plaintiff and Class Members Post-Judgment interest; and

     g.     Grant such other relief as this Court deems just and proper.

Dated this 22nd day of December, 2018.

Respectfully submitted,

EQUAL JUSTICE CENTER

By: /s/ Colleen Mulholland
Colleen Mulholland
Texas State Bar No. 24091765
8301 Broadway Street, Ste. 309
San Antonio, Texas 78209
Tel (210) 308-6222, ext. 101
Fax (210) 308-6223
cmulholland@equaljusticecenter.org

Anna Bocchini
Texas State Bar No. 24057410
510 S. Congress Ave., Ste. 206
Austin, Texas 78704
Tel (512) 474-0007, ext. 105
Fax (512) 474-0008
abocchini@equaljusticecenter.org

COUNSEL FOR PLAINTIFF